Vaclav Brusa et al. v. Sandwich Manufacturing
Company.

[Filed February 25, 1890.]

Continuance: Agreement: Dismissal: Mistake. On a con-
tingent and alternative agreement between attorneys of record
to an action pending in a county court, for the continuance of
the cause for trial to a day certain, by which the plaintiffs' at-
torneys were misled as to the consent and fact of postponement
of the trial, which was called in their absence and dismissed,
and a motion to reinstate the case upon affidavits of the facts,
and of merits, overruled, and which was subsequently reversed
on error in the district court, *held*, that the evidence presented to
the county court was sufficient to sustain the last judgment.

Error to the district court for Saline county. Tried
below before Morris, J.

*Abbott & Abbott*, for plaintiffs in error:

A party may not willfully abandon his case, and, after
dismissal in consequence thereof, have it reinstated on mo-
tion. Defendant in error's attorneys had ample notice that
the trial would be pushed, but refused to go near, and are
thus guilty of laches. (*Treutler v. Halligan*, 86 Ill., 39;
*Swits v. Carver*, 20 Id., 578; *Nispel v. Wolff*, 74 Id., 303.)
Negligence of the attorney within the scope of his powers
is that of the client. (*Stern v. Strausberger*, 71 Ill., 413;
*Yates v. Monroe*, 13 Id., 212.) In *Volland v. Wilcox*, 17
Neb., 46, defendant was not guilty of laches.

*Dawes & Foss, contra:*

The affidavits show that there was a full understanding
in regard to the trial, and as the judgment was rendered by
mistake it was properly reopened. (*Smith v. Pinney*, 2 Neb.,
139; *McCann v. McLennan*, 3 Id., 25; *Wise v. Frey*, 9
Id., 220; *Hansen v. Bergquist*, Id., 277; *Volland v. Wil-
cox*, 17 Id., 46; Code, 602; Freeman, Judgments, 100.)

Cobb, Ch. J.

This proceeding is brought from the district court of Saline county on error.

In August, 1888, the Sandwich Manufacturing Company brought suit against the plaintiffs in error in the county court on an alleged contract of sale of a harvester. The defendants answered, and the cause was continued, by agreement, from month to month, to the February term, 1889. On Monday, February 6, the first day of the term, the defendants appeared for trial. The court held that, it being the first day of the term, it could not enter upon the trial in the absence of either party, but set the cause for hearing on the next day, February 7, at 10 o'clock A. M. In the meantime, as appears from the bill of exceptions, conferences were had by the attorneys of both parties in an attempt to agree upon a continuance. The plaintiffs' attorneys not appearing on the day set for trial, on motion of defendant's attorneys the cause was dismissed for want of prosecution. On February 9, following, the plaintiffs' attorneys moved to vacate the order of dismissal and set the case for trial, for the reason that the order was procured and rendered through mistake and misunderstanding of the attorneys and from unavoidable casualty, as shown by affidavits presented and filed. Notice of this motion having been duly given to the defendants' attorneys, by agreement the hearing was continued to February 18, following, and was then heard and considered on the affidavits of James W. Dawes and Fayette I. Foss, attorneys for plaint. iff, in support of the motion, and of E. S. Abbott, attorney for defendants, and Hugh McCarger, *contra*, upon which the motion was overruled, and the proceedings taken by stipulation to the district court on error.

On the hearing in the district court, March 22, 1889, it was found there was error in the court below in refusing to vacate the order of dismissal, and the judgment therein

Brusa v. Sandwich Mfg. Co.

was set aside and reversed and the cause was remanded for further proceedings, on the plaintiff's paying all costs of the term at which the judgment of dismissal was entered; to which the defendants excepted on the record, and filed their petition in error in this court.

From the affidavit of F. I. Foss, Esq., it appears that, although the junior of his law firm, he had the full charge of the conduct and prosecution of the cause in the county court, which was for trial Monday, February 4, 1889; that on the preceding Saturday, "knowing that he had to go away, and be absent, on Monday, in the western part of the state," he went to the office of Abbott & Abbott, defendants' attorneys, and requested a continuance until the first Monday of March, which they agreed to, and said they would see their clients and notify them; that in the evening E. S. Abbott informed affiant that defendants did not consent to put off the trial, and that it would have to be tried on Monday; that affiant notified E. S. Abbott that it was absolutely necessary for him to go west, to be gone till the last of the following week, and made him the proposition that, in consideration of his agreement to the adjournment, he could have it set for trial either Saturday, February 9, or Monday, February 11, as suited him best; that if he desired, he could use the stenographer and typewriter employed in affiant's office to take the testimony of his witnesses, and he then agreed to bring the witnesses, whom he alleged were going away, into affiant's office for that purpose on Monday following, and that such testimony should be admitted in the defense without objection, and upon that understanding and agreement, that the case was to be continued as stated, and the testimony to be taken as stated, affiant notified E. S. Abbott that he should leave the next day for the west, and did leave, and returned on Thursday, February 7, and found that defendants' attorneys had gone to Wilber and had the case dismissed and judgment rendered against his client for costs.

The affidavit of James W. Dawes, Esq., in all material matters is corroborative of that of his law partner Foss, and further sets up that the sole reason why *he* was not present in court and prepared for trial was his dependence on the agreement stated for the adjournment of the trial.

On behalf of defendants there was considered the affidavit of E. S. Abbott, Esq., attorney for defendants, who had charge of the defense, stating that Mr. Foss came to his office and asked that the cause be continued, and was told in reply that affiant thought that the witnesses for the defense were about to leave the country and that the suit could not, for that reason, be continued, but that he would find defendants and agree to a continuance, if possible, and would let him know; to which Foss replied "Then it will be all right if I do not hear from you?" and affiant answered "Yes." Affiant found defendants, who refused to consent because witnesses were then prepared to go away and were waiting for that trial the next Monday. Affiant sent a note to Foss stating the reasons why the case could not be continued. Soon after he received a note from Foss stating in substance that it must be done, as it was of importance to him that it should be so; to which affiant replied as before, that the suit must go on, and supposed that the end of the matter. About sunset affiant met Foss, who insisted that the trial must, in some way, be continued, and on affiant's going to his office to arrange it. Affiant went and stated the reasons again. Then it was urged that defendants' witnesses should come to Dawes & Foss' office and their testimony taken as stated in their affidavits. To this affiant objected, but finally consented if the witnesses could be had, and again found defendants and insisted on that course and advised them to get the witnesses to come around; to which they replied that they could not say that night whether, or not, they could be had, but would let affiant know the next (Sunday) morning, as it was then dark. On the next forenoon they said they could not find

the witnesses the night before; that they were twelve miles distant, and would meet them in Wilber the next Monday, for the trial, and go thence on their journey. Affiant had met Hugh MacCarger (the agent of plaintiff) in the barber shop on Saturday night, and told him the question of continuance was to be determined the next morning, and at about noon on Sunday found MacCarger and told him the situation of affairs, and that the suit must go on. On Monday, between 8 and 9 A. M., MacCarger stopped at affiant's office, on his way to Dawes & Foss' office, and said he was going to take Gov. Dawes down to Wilber, and that affiant could ride with them, to which affiant assented. MacCarger shortly came back and reported that Dawes said the suit was continued and positively refused to take any action in the matter.

Hugh MacCarger's affidavit corroborates that of Abbott, and states that after being informed at noon, on Sunday, that the trial must go on, he met Foss between 2 and 3 P. M. at the outgoing train and informed him what Abbott had said about the case; that Foss sent word by his clerk to his partner, Gov. Dawes, that he must attend to the case. Affiant further informed Mr. Dawes on Monday that the trial must go on.

Upon this evidence the county court denied the motion to vacate the order of dismissal, and to set the cause for trial; and upon this testimony the district court reversed the judgment of the court below, on error, and remanded the cause to that court for trial.

There is no great conflict in the evidence as to the agreement and misunderstanding incident to the preparation of the cause for trial by the attorneys of record. And yet we were all of the opinion, in consultation, that there was sufficient evidence that the member of the firm of plaintiff's attorneys who had been charged with the sole management of the plaintiffs' case had relied upon the indefinite promises of the defendant's attorney that the cause should be

continued on agreement, and had reason to believe that such agreement would be carried out until the moment of his departure on the outgoing train of Sunday afternoon; and that it was through a misunderstanding between him and his partner (for which the defendants' attorneys were in no sense responsible) that there was no appearance on the part of plaintiff to defend against the motion for dismissal in the county court, on a meritorious cause of action, that the plaintiff was deprived of a trial; and it appeared that there was sufficient in the evidence as to the circumstances misleading the attorneys of the parties to sustain the judgment and order of the district court in directing a new trial.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.